IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE FREMONDE XENOS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE I, et al., | : | No. 11-1488 |
|     Defendants. | : | |

<u>MEMORANDUM</u>

Schiller, J.                                                                                         September 27, 2012

    Jose Fremonde Xenos, proceeding pro se, brings a § 1983 claim against Deputy Sheriff John Doe I, Deputy Sheriff John Doe II, Sergeant Michael Weston, Sheriff Jeffrey Hawbecker, the Northampton County Sheriff Department ("Sheriff Department"), and the County of Northampton. Currently before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Sergeant Weston, Sheriff Hawbecker, the Sheriff Department, and the County of Northampton. For the reasons set forth below, Defendants' motion is granted. In addition, because the facts as alleged fail to state a claim against John Doe I or John Doe II, these claims are also dismissed.

**I.    BACKGROUND**

    Xenos's claims arise from three allegedly unlawful arrests lacking probable cause. On August 16, 2007 and prior to these arrests, Xenos pleaded nolo contendere to felony forgery in the third degree and was sentenced to three to eighteen months incarceration with credit for time served, followed by twenty-four months of probation. (Defs.' Mot. to Dismiss Ex. B [Court of Common Pleas Docket] at 3.) Xenos subsequently attempted to withdraw his nolo contendere plea multiple

times without success. (Defs.' Mot. to Dismiss Ex. C [State Appellate Docket] at 2-4); *see Xenos v. Hawbecker*, 441 F. App'x 128, 132 (3d Cir. 2011) (accepting the validity of Xenos's nolo contendere plea).

On August 28, 2008, Judge Edward Smith issued a bench warrant for Xenos on a parole violation. (Court of Common Pleas Docket at 19.) On September 2, 2008, the bench warrant was served on Xenos. (*Id.*) Xenos alleges that John Doe I and John Doe II arrested him at his home "on a fake county parole technical violation fabricated by Paul Singley, Northampton County Probation Officer."[1] (Compl. at 2.) On September 4, 2008, following a *Gagnon I* hearing, Xenos was released, with a visit from his probation officer to be scheduled and subsequent violations to result in a bench warrant. (Court of Common Pleas Docket at 17.)

The second arrest occurred on March 3, 2009, when Sergeant Michael Weston arrested Xenos pursuant to a detainer issued by Probation Officer Singley for a probation violation. (Defs.' Mot. to Dismiss Ex. D [Detainer].) On March 5, 2009, Probation Officer Singley filed a petition for review of parole, which states that Xenos "violated the technical conditions of his parole supervision by failing to maintain a current and valid address" and by "committing overt acts." (Defs.' Mot. to Dismiss Ex. E [Pet. for Review of Parole].) On the same day, the court held a *Gagnon I* hearing and ordered a psychiatric evaluation of Xenos. (Court of Common Pleas Docket at 19.) On March 20, 2009, the court held a *Gagnon II* hearing and ordered Xenos transferred to a mental hospital in order to restore competency to proceed with the prosecution. (*Id.* at 20.) On September 11, 2009, Xenos

---

[1] Xenos has sued Probation Officer Singley, as well as Singley's supervisor, the Northampton County Department of Adult Probation, and the County of Northampton, in a separate lawsuit also before this Court for essentially the same events at issue in this action (Civ. A. No. 11-1550).

was released from the mental hospital.

The third arrest occurred on September 18, 2009, when Probation Officer Singley submitted an order to arrest and detain to Judge Smith that states that Xenos violated the conditions of his supervision by failing to appear as directed and by failing to contact the probation department; Judge Smith issued an order that authorized Xenos's arrest the same day. (*See* Compl. Ex. A [Order to Arrest and Detain].) John Doe II arrested Xenos pursuant to this order on September 21, 2009. (Compl. at 4-5.) The order was vacated the following day, and Xenos was released from prison. (Court of Common Pleas Docket at 21-22.)

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). "But a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Xenos brings this action pro se, the Court will liberally construe his Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 423 (E.D. Pa. 2000).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.*; *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a Rule 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can infer only the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.*

When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). Additionally, a court may consider "court files, records, and letters of official actions or decisions of government agencies and administrative bodies when considering a Rule 12(b)(6) motion." *Fed. Election Comm'n v. Arlen Specter '96*, 150 F. Supp. 2d 797, 803 n.5 (E.D. Pa. 2001) (internal quotation marks omitted).

## III. DISCUSSION

Defendants filed their motion to dismiss on April 4, 2012. By Order of the Court, Xenos had until July 30, 2012 to respond, but failed to do so. While a motion may be granted as uncontested in the absence of a timely response, *see* E.D. Pa. R. 7.1(c), because Xenos is a pro se plaintiff, the Court declines to grant Defendants' motion on that basis. *See Xenos*, 441 F. App'x at 131 (finding dismissal based only on plaintiff's failure to respond inappropriate "unless a plaintiff's failure to oppose a motion can truly be understood to reflect that the motion is unopposed"). However, having considered the merits of Xenos's claims, the Court will grant Defendants' motion to dismiss.

### A. Claims Against John Does I and II

"The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

Xenos claims that his September 2, 2008 arrest by John Does I and II was based "on a fake county parole technical violation." However, "[w]hen a defendant is named in a bench warrant, probable cause for arrest exists, and any Fourth Amendment argument arising out of the arrest is without merit even if the bench warrant later turns out to be invalid." *Hanks v. Cnty. of Del.*, 518 F. Supp. 2d 642, 649 (E.D. Pa. 2007) (citing *United States v. Smith*, 468 F.2d 381 (3d Cir. 1972)). In any event, Xenos has offered only speculation that the unnamed officers lacked probable cause to arrest him.

Moreover, the statute of limitations has run on Xenos's § 1983 false arrest claim based on the September 2, 2008 arrest. In Pennsylvania, the statute of limitations for a § 1983 false arrest

5

claim is two years. *See Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003). Such a claim accrues at the time of the false arrest. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). Xenos brought this Complaint on March 2, 2011, which is more than two years after his September 2, 2008 arrest. Therefore, Xenos cannot bring a § 1983 claim stemming from this arrest.

Xenos also complains that his September 21, 2009 arrest by John Doe II, which was executed pursuant to a warrant issued by Judge Smith due to Xenos's failure to "appear as directed" or to contact the probation department, was unlawful. Once again, Xenos states only that "there was no probable cause" and that "the judge conspired to circumvent the *IV Amendment* requisite." (Compl. at 4.) Xenos's assertions do not raise an inference that John Doe II lacked probable cause to arrest Xenos on September 21, 2009. Xenos has thus failed to state a claim against John Does I and II for his arrests, and these claims are dismissed.

### B.      Claims Against Sergeant Weston

Xenos sues Sergeant Weston for his March 3, 2009 arrest on a detainer issued by Xenos's probation officer. On March 5, 2009, Probation Officer Singley issued a petition for review of parole for technical violations stemming from Xenos's failure to maintain a current and valid address and his commission of overt acts. The court held a *Gagnon I* hearing, ordered a psychiatric evaluation for Xenos, and held a *Gagnon II* hearing, at which it ordered Xenos to be transferred to a mental hospital.

The claim for false arrest against Sergeant Weston turns on whether he had probable cause to believe that Xenos had committed the offense underlying the arrest. Here, Sergeant Weston arrested Xenos based on a detainer filed that day, and Xenos does not allege that the detainer was itself invalid. In addition, the court ultimately ordered a *Gagnon II* hearing, which takes place only after a finding of probable cause that the probationer committed a probation violation. *See Gagnon*

*v. Scarpelli*, 411 U.S. 778, 786 (1973). Because Sergeant Weston arrested Xenos pursuant to a facially valid detainer and the court determined that there was probable cause to believe that Xenos had committed a probation violation, Xenos has not stated a claim for false arrest.

### C. Claims Against Sheriff Hawbecker

Xenos includes Sheriff Hawbecker[2] as a defendant in his Complaint but does not make a single allegation against him. As such, the claim against Sheriff Hawbecker must be dismissed.

### D. Claims Against Sheriff Department and Northampton County

Xenos makes no specific allegations against the Sheriff Department, instead seeking only extensive injunctive relief. As Xenos has not stated a claim that any illegal activity has been perpetrated against him by the Sheriff Department, the Court dismisses Xenos's claim.

Xenos similarly alleges no wrongdoing on the part of Northampton County, and so the claim against it is also dismissed.

## IV. CONCLUSION

Because Xenos has failed to state a claim against any of the moving Defendants, the Court will grant their motion to dismiss. As Xenos has also failed to state a claim against John Does I and II, those claims are additionally dismissed. An Order consistent with this Memorandum will be docketed separately.

---

[2] Xenos previously brought another § 1983 claim against Sheriff Hawbecker for false arrest, arising out of a similar sequence of events involving Xenos's arrest pursuant to a bench warrant and criminal information. *Xenos v. Hawbecker*, Civ. A. No. 08-3026, 2009 WL 311248 (E.D. Pa. Feb. 6, 2009). The Third Circuit affirmed defendants' dismissal on the merits, while noting that Xenos was "a repeat filer" who has "used offensive language in many of his submissions." *Xenos v. Hawbecker*, 441 F. App'x 128, 131 (3d Cir. 2011).